FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

TRINA A. HIGGINS, United States Attorney (7349)
STEPHEN P. DENT, Assistant United States Attorney (17405)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC 475353)
Attorneys for the United States of America
Office of the United States Attorney
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4265
stephen.dent@usdoj.gov

JUN 11 2024

GARY P. SEDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

# SEALED

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GARRY SEWELL,<br><br>Defendant. | **INDICTMENT**<br><br>COUNTS 1-5: 18 U.S.C. § 1343<br>(Wire Fraud)<br><br>COUNT 6: 18 U.S.C. § 1014<br>(False Statements Designed to Influence the Federal Housing Administration or a Mortgage Lending Business)<br><br>COUNT 7: 18 U.S.C. § 1014<br>(False Statements Designed to Influence a Federally Insured Credit Union)<br><br>COUNTS 8-9: 18 U.S.C. § 1957<br>(Money Laundering—Spending)<br><br>**Case: 4:24-cr-00055**<br>**Assigned To: Allen, Ann Marie McIff**<br>**Assign: Date: 6/7/2024**<br>**Description: USA v.** |

The Grand Jury Charges:

## Background

At all times relevant to this Indictment:

1.      The defendant, BRIAN GARRY SEWELL, was a resident of Washington County, Utah and Puerto Rico.

2.      SEWELL owned and operated Rockwell Capital Management. Rockwell Capital Management was a Delaware company that was also registered in Utah with a registered address in St. George and in Nevada with a registered address in Las Vegas.

3.      The Federal Housing Administration (FHA) is an executive branch agency that provides mortgage insurance on loans made by FHA-approved lenders.

4.      Guild Mortgage Company is an FHA-approved mortgage lender headquartered in San Diego, California.

5.      Chartway Federal Credit Union is a credit union headquartered in Virginia Beach, Virginia, with accounts insured by the National Credit Union Administration Board.

## COUNTS 1-5
### 18 U.S.C. § 1343
### (Wire Fraud)

6.      All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

**The Scheme and Artifice to Defraud**

7.      From at least in or around December 2017, and continuing through in or around April 2024, BRIAN GARRY SEWELL engaged in a scheme to defraud others by making materially false and fraudulent pretenses, representations, and promises.

8.      The object of the scheme and artifice to defraud was for SEWELL to obtain money through knowingly false statements, misrepresentations, deception, and omissions of material facts.

9.      In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, SEWELL engaged in at least the following manner and means:

   a. Falsely claimed to investors that he ran previous cryptocurrency funds that generated significant returns;

   b. Falsely claimed to investors that he received a bachelor's degree from Johns Hopkins University and a master's degree from Stanford University;

   c. Falsely claimed to investors that his fund generated high returns with little risk of loss;

   d. Made false representations in soliciting investments from students in his cryptocurrency course named American Bitcoin Academy;

   e. Made false representations in soliciting investments from individuals he knew in Utah;

   f. Made false representations to investors about how he would use their funds;

3

g.  Failed to timely disclose to investors that their funds were lost;

h.  Concealed from investors that he used Rockwell Capital Management as an unlicensed money transmitting business;

i.  Opened accounts with a cryptocurrency exchange and a brokerage firm under false pretenses;

j.  Falsely represented to investors that he would use their funds to invest in or purchase cryptocurrency on their behalf;

k.  Concealed from investors that he used their funds to pay other investors; and

l.  Provided untruthful explanations for investors' losses.

10.    As a result of SEWELL's scheme to defraud, he obtained at least $2.5 million from investors.

11.    On or about the dates listed below, in the District of Utah and elsewhere,

**BRIAN GARRY SEWELL,**

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, for the purpose of executing the listed scheme and artifice to defraud, did cause to be transmitted by means of wire communication certain writings, signs and signals, that is, an interstate wire, as represented below, each such use of wire communication being a separate count of this Indictment:

| Count | Date (On or about) | Description |
|---|---|---|
|  |  |  |

4

| 1 | December 29, 2020 | $110,000 wire transfer from P.A.'s Mountain America Credit Union account ending in 1583 to Rockwell Capital Management's Signature Bank account ending in 4882 |
| 2 | December 30, 2020 | $100,000 wire transfer from B.A.'s Glacier Bank account ending in 5565 to Rockwell Capital Management's Signature Bank account ending in 4882 |
| 3 | February 2, 2021 | $100,000 wire from P.A.'s Mountain America Credit Union account ending in 1583 to Rockwell Capital Management's Signature Bank account ending in 4882 |
| 4 | February 26, 2021 | $300,000 wire transfer from P.A.'s Mountain America Credit Union account ending in 1583 to Rockwell Capital Management's Wells Fargo account ending in 0819 |
| 5 | March 4, 2021 | $700,000 wire transfer from T.A.'s Mountain America Credit Union account ending in 1583 to Rockwell Capital Management's Wells Fargo account ending in 0819 |

All in violation of 18 U.S.C. § 1343.

## COUNT 6
### 18 U.S.C. § 1014
### (False Statement Designed to Influence the Federal Housing Administration or a Mortgage Lending Business)

12.     On or about the date listed below, in the District of Utah and elsewhere,

**BRIAN GARRY SEWELL,**

defendant herein, knowingly made the false statements listed below for the purpose of influencing the actions of the Federal Housing Administration, and a mortgage lending business, in connection with a loan application:

5

| Date (On or About) | Mortgage Lending Business | Loan | False Statements |
|---|---|---|---|
| July 10, 2020 | Guild Mortgage Company | FHA-insured mortgage | a. SEWELL submitted a fabricated W-2 stating his 2019 wages were $180,000<br><br>b. SEWELL submitted a fabricated earnings statement from Rockwell Capital Management stating his 2020 wages were $15,000 per month<br><br>c. SEWELL had 22 years of schooling when, in fact, Sewell had obtained a GED and not completed college |

All in violation of 18 U.S.C. § 1014.

## COUNT 7
### 18 U.S.C. § 1014
### (False Statement Designed to Influence a Federally Insured Credit Union)

13.     On or about the date listed below, in the District of Utah and elsewhere,

**BRIAN GARRY SEWELL,**

defendant herein, knowingly made the false statements listed below for the purpose of

influencing the actions of Chartway Federal Credit Union, the deposits of which were then

federally insured by the National Credit Union Administration Board, in connection with

a loan application:

| Date (On or About) | Credit Union | Loan | False Statements |
|---|---|---|---|
| July 28, 2021 | Chartway Federal Credit Union | HELOC | a. SEWELL submitted a fabricated W-2 stating his 2019 wages were $350,000<br><br>b. SEWELL submitted a fabricated W-2 stating his 2020 wages were $350,000<br><br>c. SEWELL submitted a fabricated earnings statement from Rockwell Capital Management stating his 2021 wages were $175,000 through June 2021<br><br>d. SEWELL started working at Rockwell Capital Management in July 2011 when, in fact, Sewell founded Rockwell Capital Management in May 2018<br><br>e. SEWELL's supervisor was Person-1 when, in fact, SEWELL was Person-1's supervisor<br><br>f. SEWELL received a $30,000 monthly salary from Rockwell Capital Management when, in fact, SEWELL owned and operated Rockwell Capital Management, used the company to defraud investors, and did not have a consistent monthly salary of $30,000 |

All in violation of 18 U.S.C. § 1014.

## COUNTS 8-9
## 18 U.S.C. § 1957
## (Money Laundering—Spending)

14.     All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

15.     On or about the dates alleged below, in the District of Utah, and elsewhere,

## BRIAN GARRY SEWELL,

defendant herein, did knowingly engage and attempt to engage in the following monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, that is the withdrawal, transfer, exchange of U.S. currency, and deposit of funds, such property having been derived from specified unlawful activities, that is, the proceeds of Wire Fraud in violation of 18 U.S.C. § 1343 (Count 8), and the proceeds of False Statements Designed to Influence a Federally Insured Credit Union in violation of 18 U.S.C. § 1014 (Count 9):

| COUNT | DATE (On or About) | MONETARY TRANSACTION |
|---|---|---|
| 8 | March 5, 2021 | SEWELL made a $215,000 wire transfer from Rockwell Capital Management's Wells Fargo account ending in 0819 to B.A.'s First Community Bank of Utah's account ending in 5565 |
| 9 | August 25, 2021 | SEWELL made a $113,300 wire transfer from his Customers Bank account ending in 8138 to Alameda Research LLC's Signature Bank account ending in 9485 |

All in violation of 18 U.S.C. § 1957.

8

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense in violation of 18 U.S.C. § 1343, as set forth in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud and/or the conspiracy. The property to be forfeited includes, but is not limited to, the following:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(2), upon conviction of any offense violating 18 U.S.C. § 1014, the defendants shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud. The property to be forfeited includes, but is not limited to, the following:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

9

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to the following:

- A money judgment equal to the value of all property involved in the money laundering and any property traceable to such property and not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 21 U.S.C. § 853(p) via 18 U.S.C. § 982(b).

A TRUE BILL:

_____/s/_____
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

STEPHEN P. DENT
JENNIFER K. MUYSKENS
Assistant United States Attorneys

10