FELICE JOHN VITI, Acting United States Attorney (7007)
STEPHEN P. DENT, Assistant United States Attorney (17405)
Attorneys for the United States of America
Office of the United States Attorney
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4265
stephen.dent@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 4:24-cr-55 |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| vs. | |
| BRIAN GARRY SEWELL, | |
| Defendant. | Judge Ann Marie McIff Allen |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America, I intend to plead guilty to Count 2 of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove in order to convict me. The elements of Count 2, Wire Fraud, in violation of 18 U.S.C. § 1343 are:

*First*: the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment;

*Second*: the defendant acted with specific intent to defraud;

*Third*: the defendant used interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

2. I know that the maximum possible penalty provided by law for Count 2 of the Indictment, a violation of 18 U.S.C. § 1343, is a term of imprisonment of 20 years, a fine of $250,000, a term of supervised release of three years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

c. My attorney can cross-examine all witnesses who testify against me.

d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

Beginning in at least December 2017 and continuing to April 2024, in Utah and elsewhere, I engaged in a scheme to defraud others by making materially false and fraudulent pretenses, representations, and promises. The object of the scheme to defraud was to obtain victims' money and cryptocurrency.

In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, I engaged in at least the following manner and means:

a. Falsely claimed to investors that I ran previous cryptocurrency funds that generated significant returns;

b. Falsely claimed to investors that I received a bachelor's degree from Johns Hopkins University and a master's degree from Stanford University;

c. Falsely claimed to investors that my fund generated high returns with little risk of loss;

d. Made false representations in soliciting investments from students in my cryptocurrency course named American Bitcoin Academy;

e. Made false representations in soliciting investments from individuals I knew in Utah;

f. Provided P.A. with documents containing misleading information and used some of the funds I received from P.A. as an investment to pay back another unrelated investor;

g. Made false representations to investors about how I would use their funds;

h. Failed to timely disclose to investors that their funds were lost;

i. Concealed from investors that I used Rockwell Capital Management as an unlicensed money transmitting business;

j. Opened accounts with a cryptocurrency exchange and a brokerage firm under false pretenses;

k. Falsely represented to investors that I would use their funds to invest in or purchase cryptocurrency on their behalf;

4

l. Concealed from investors that I used their funds to pay other investors; and

m. Provided untruthful explanations for investors' losses.

During my scheme to defraud, I caused an interstate wire as described in Count 2:

| Count | Date (On or about) | Description |
| --- | --- | --- |
| 2 | December 30, 2020 | $100,000 wire transfer from B.A.'s Glacier Bank account ending in 5565 to Rockwell Capital Management's Signature Bank account ending in 4882 |

As a result of my scheme to defraud, I obtained $2,993,381.29 from 17 investors. My conduct violated 18 U.S.C. § 1343.

I further acknowledge that I made false statements to Guild Mortgage Company, resulting in Guild Mortgage Company providing me a $383,801 mortgage. I also acknowledge I made false statements to Chartway Federal Credit Union, resulting in the credit union extending me $192,000 in credit.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count 2 of the Indictment.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 36 months' imprisonment to run concurrently with the sentence imposed in case no. 4:24-cr-54. I agree the Stipulated Sentence is reasonable.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

5

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the Stipulated Sentence will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than the Stipulated Sentence, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Count and Other Offenses.** The United States agrees to move for leave to dismiss Counts 1, 3, 4, 5, 6, 7, 8, and 9 at the time of sentencing. The United States also agrees not to seek charges against me for any other offense of which the United States Attorney's Office for the District of Utah is aware at this time.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5) Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).

Under 18 U.S.C. § 3663A(a)(3), I agree to pay restitution, in the amount of $3,505,182.29 to the victims at the time sentencing. The United States agrees that the restitution amount should be reduced at sentecing upon the defendant providing proof that he has repaid victims.

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and,

pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

(4) I agree to provide complete and accurate information regarding my financial condition to U.S. Probation and the U.S. Attorney's Office for the District of Utah. I agree to accurately and completely disclose assets, which includes providing information regarding and access to cryptocurrency in my possession or control. I agree to make this requirement a condition of supervised release.

h. **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

i. **Forfeiture.**

(1) I agree to the entry of a forfeiture money judgment of $3,505,182.29. This amount is the value of property that facilitated, was involved in, or that I obtained from my offense that is not available for forfeiture under 18 U.S.C. § 981(a)(1)(C) (applicable under 28 U.S.C. § 2461(c)) because of my acts or omissions. I agree that such property: 1) cannot be located upon the exercise of due diligence; 2) has been transferred or sold to, or deposited with, a third party; 3) has been placed beyond the court's jurisdiction; 4) has been substantially diminished in value; or 5) has been commingled with other property which cannot be divided without difficulty as provided by 21 U.S.C. § 853(p). Payments toward the forfeiture money judgment shall be made to: United States Marshals Service, ATTN: Asset Forfeiture Coordinator, 333 Lomas Blvd NW Suite 180, Albuquerque, New Mexico 87102.

(2) I acknowledge that this forfeiture money judgment is authorized by 18 U.S.C. § 981(a)(1)(C) (applicable under 28 U.S.C. § 2461(c)) and Fed. R. Crim. P. 32.2(b)(1)(A).

(3) The defendant understands that, by law, forfeiture is mandatory. However, the defendant understands that the United States will not pursue satisfaction of the forfeiture money judgment provided that the defendant strictly complies with the Court's restitution order. The defendant further understands that, if the defendant pays off the restitution ordered by the Court, then the United States agrees to forgo enforcement or satisfaction of the forfeiture money judgment. The defendant further understands that, if the defendant fails to comply with the Court's restitution order in any way, then the United States is free to pursue satisfaction of the forfeiture money judgment. Nothing in this paragraph shall prevent or limit the United States in recording its forfeiture money judgment under provision of state law as a judgment against the defendant.

(4) I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(5) I waive any claims I may have against the government, its officers, employees, and agents regarding the forfeiture.

(6) I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*　\*　\*　\*

I make the following representations to the Court:

1. I am _54_ years of age. My education consists of _some college_. I _can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

9

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this 23 day of July, 2025

BRIAN GARRY SEWELL
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23d day of July 2025.

KRISTEN ANGELOS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 23rd day of July, 2025.

FELICE JOHN VITI
Acting United States Attorney

STEPHEN P. DENT
Assistant United States Attorney